Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> McCORMICK FLOOR COVERING, INC., a California Corporation <br><br> Defendant. | Case No:  CV10-3282 - JL <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant McCORMICK FLOOR COVERING, INC. ("Defendant"), as follows:

1. Defendant entered into a valid Collective Bargaining Agreement with the District Council 16 of the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

-1-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C10-3282 JL

2. MICHAEL VINCENT MCCORMICK, individually and as RMO/CEO/President of McCORMICK FLOOR COVERING, INC., hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Orders; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; and Consent to Proceed Before United States Magistrate Judge James Larson.

3. Defendant has become indebted to the Trust Funds as follows:

| Audit | Contribution Underpayments | $38,846.08 | |
| | Liquidated Damages | $750.00 | |
| | 5% Interest (through 9/10/10) | $5,392.21 | |
| | Audit Testing Fee | $2,370.50 | |
| | Improper Payments Credit | ($5,438.11) | |
| | 10% Administrative Fee | $543.81 | |
| **SUBTOTAL** | | | **$42,464.49** |
| **Attorneys' Fees (through 9/10/10)** | | | **$2,182.50** |
| **Cost of Suit** | | | **$350.00** |
| **TOTAL DUE** | | | **$44,996.99** |

4. Defendant shall pay the amount of **$44,996.99**, representing all above amounts, as follows:

(a) On or before October 1, 2010, and no later than the 1st day of each month thereafter for a period of six (6) months, through and including March 1, 2011, Defendant shall pay to Plaintiffs the amount of **$500.00**;

(b)   On or before April 1, 2011, and no later than the 1st day of each month thereafter for a period of six (6) months, through and including September 1, 2011, Defendant shall pay to Plaintiffs the amount of **$1,000.00**;

(c)   On or before October 1, 2011, and no later than the 1st day of each month thereafter for a period of twelve (12) months, through and including September 1, 2012, Defendant shall pay to Plaintiffs the amount of **$3,265.00**;

(d)   Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period;

(e)   Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(f)   Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 1st day of each month**;

(g)   Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and additional attorneys' fees and costs as well as any other amounts due under the terms herein. Said amount shall be paid with the last payment, on or before September 1, 2012.

5.   MICHAEL VINCENT MCCORMICK acknowledges that he is the RMO/CEO/President of MCCORMICK FLOOR COVERING, INC., and that he specifically consents to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings herein. Mr. McCormick (hereinafter "Guarantor") also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to MCCORMICK FLOOR COVERING, INC., and/or any subsequent entity wherein Mr. McCormick is a principal shall also be bound by the

terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate Judge.

6. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant/Guarantor specifically waives the defense of the doctrine res judicata as to any such additional amounts determined as due.

7. In the event that Defendant fails to make any payment referenced herein in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated for any reason, Defendant shall be considered to be in default of this Stipulation.

8. In the event of a default, Plaintiffs will provide Defendant/Guarantor with written notice of the default, allowing seven (7) days from the date of the notice in which to cure the default.  All future payments shall be made by cashier's check if the default was caused by a failed check.  In the event that a default is not timely cured, the following will occur:

(a) The entire balance of **$44,996.99** as specified in paragraph 3, plus interest as specified above, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due and payable, together with any additional attorneys' fees and costs incurred in this matter;

(b) A writ of execution may be obtained against Defendant without notice in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default.  <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein</u>;

   (c) Defendant expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant;

   (d) Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

  9. In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

  10. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

  11. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

  12. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

  13. All parties represent and warrant that they have had the opportunity to be or have

1  been represented by counsel of their own choosing in connection with entering this Stipulation
2  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.
3      14.    This Stipulation may be executed in any number of counterparts and by facsimile,
4  each of which shall be deemed an original and all of which shall constitute together one and the
5  same instrument.

6  Dated: September ___, 2010      **MCCORMICK FLOOR COVERING, INC.**

7

8  By: _____/s/_____
    Michael Vincent McCormick
9      RMO/CEO/President

10

11  Dated: September ___, 2010      **MICHAEL VINCENT MCCORMICK**

12

13  _____/s/_____
    Individually, as Guarantor

14

15  Dated: November 22, 2010      **SALTZMAN AND JOHNSON LAW CORPORATION**

16

17  _____/s/_____
    Blake E. Williams
18      Attorneys for Plaintiffs

19

20  **IT IS SO ORDERED**.

21  Dated: __December 2__, 2010

22  _____
    UNITED STATES DISTRICT JUDGE

(Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge James Larson)